UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN SHAPIRO,

      Plaintiff,

v.

JOY CAMPANELLI,

      Defendant.
_____/

Case No. 1:25-cv-01827

Hon. Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff John Shapiro filed this lawsuit against Defendant Joy Campanelli. (ECF No. 1.) Plaintiff's complaint, including signature, is one page in length. Plaintiff alleges that Defendant conspired to violate his Fourteenth Amendment rights. The complaint states as follows:

> 1. Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights.
>
> 2. Plaintiff demands $1 Million against Defendant.
>
> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(*Id.*)

On December 22, 2025, Plaintiff was granted *in forma pauperis* status. (ECF No. 4.)

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations,

2

a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**III.   Analysis**

Federal Courts only have jurisdiction when the lawsuit raises a federal question under 28 U.S.C. § 1331, or when the underlying action is within the Court's diversity jurisdiction under 28 U.S.C. § 1332. Although Plaintiff raises a Fourteenth Amendment claim, he asserts no allegations that could support any claim. Additionally, Plaintiff has failed to assert diversity jurisdiction. Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524

F.3d 770, 776 (6th Cir. 2008).  Plaintiff's complaint fails to properly assert jurisdiction and fails to make allegations which could plausibly state a claim for relief.

**IV.    Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   December 26, 2025                                           /s/ *Maarten Vermaat*
                                                                                              MAARTEN VERMAAT
                                                                                              U. S. MAGISTRATE JUDGE